UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                          :
**Trustees of the New York City District Council of** :
**Carpenters Pension Fund, et al.,**        :
                                          :     12 Civ. 0008 (ALC)
                        Plaintiffs,       :
                                          :     <u>OPINION</u>
        -against-                         :
                                          :
**TNT Contracting & Consulting, Inc.,**     :
                        Defendant.        X
                                          
----------------------------------------- 

**ANDREW L. CARTER, JR., District Judge:**

On January 3, 2012, plaintiffs commenced this action to confirm and enforce an arbitration award against defendant TNT Contracting & Consulting, Inc. ("TNT"). TNT never appeared at the underlying arbitration hearing and never responded to the petition in this action. Plaintiffs now move for a default judgment confirming their arbitration award.

## BACKGROUND

Plaintiffs are trust funds established to receive payments of employee benefit fund contributions pursuant to a collective bargaining agreement ("Agreement"). Pursuant to the Agreement, disputes should be resolved by arbitration before an impartial arbitrator.

The dispute arises out of TNT's failure to permit plaintiffs to conduct an audit of its books and records. Under the terms of the Agreement, plaintiffs had the right to conduct such an audit in order to determine whether TNT was in compliance with its obligation to contribute to the plaintiff funds.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2-17-12

Despite having notice of the hearing date, TNT did not appear at the arbitration proceeding. The arbitrator and plaintiffs proceeded in TNT's absence, and on December 9, 2011, the arbitrator entered an award in plaintiffs' favor.

The arbitrator's award contained findings that TNT had failed to comply with the Agreement and directed it to furnish plaintiffs with any and all books and records for the period of "November 6, 2009 through [December 9, 2011]" to determine whether it is in compliance with its obligations to contribute to the plaintiffs' funds. The arbitrator further ordered TNT to pay plaintiffs' attorneys' fees, the arbitrator's fee, and court costs in the amount of $2,350.00.

Plaintiffs filed this action to confirm their arbitration award and filed an affidavit of service on January 19, 2012. On February 1, 2012, plaintiffs obtained a clerk's certificate of default and that same day moved for a default judgment.

## DISCUSSION

The Second Circuit has found that "default judgments in the confirmation/vacatur proceedings are generally inappropriate" and should instead be "treated as akin to a motion for summary judgment based on the movant's submissions." See D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 107, 109 (2d Cir. 2006). Where the non-moving party fails to respond to the motion for default judgment, the petition to confirm the arbitration award should be treated as an unopposed motion for summary judgment. Id. at 109–10; see also Herrenknecht Corp. v. Best Rd. Boring, No. 06 CV 5106 (JFK), 2007 U.S. Dist. LEXIS 28495, at *4 (S.D.N.Y. Apr. 16, 2007). The court will uphold the arbitrator's decision so long as there is a "barely colorable justification" for the award. Laundry, Dry Cleaning Workers & Allied Indus. Health Fund v. Stain Less, Inc., No. 07 CV 3202 (FB), 2008 WL 782758, at *1 (E.D.N.Y. Mar. 20, 2008).

Here, TNT has failed to respond to the current action or appear at the underlying arbitration. TNT has not made any objections related to the current motion or to the conduct of the arbitration. After examining plaintiffs' submissions, the Court confirms the arbitrator's award because there is more than colorable justification for its outcome.

TNT is ordered to permit and facilitate the plaintiffs' conducting of the audit of its books and records for the period of November 6, 2009 through December 9, 2011 to determine whether it is in compliance with its obligations to contribute to plaintiffs' funds.

Plaintiffs are entitled to an award of $2,350.00 in costs related to the underlying arbitration.[1] Plaintiffs are also entitled to an award of their reasonable attorneys' fees in this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") section 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D). After reviewing plaintiffs' evidence establishing that they incurred fees of $1,353.00, the Court concludes that these fees are reasonable.

## CONCLUSION

Plaintiffs' motion is granted. The Clerk is directed to enter judgment in plaintiffs' favor in the amount of $3,703.00.

Dated:    New York, New York
          February 17, 2012

SO ORDERED.

_____
ANDREW L. CARTER, JR.
United States District Judge

---

[1] Plaintiffs also ask for interest in the amount of $18.25. However, the arbitrator's judgment in favor of plaintiffs did not include interest on the $2,350.00 award, and so the Court will not include it here.